IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN MELNICK, BETH MELNICK, LIA LOUTHAN, and SUMMERFIELD GARDENS CONDOMINIUM, on behalf of themselves and all other similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**TAMKO BUILDING PRODUCTS LLC,**<br><br>**Defendant.** | Case No. 19-2630-JAR-KGG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant TAMKO Building Products LLC's Motion for Partial Review of Magistrate Judge Gale's Order Partially Granting Plaintiffs' Motion to Compel (Doc. 249), filed on February 1, 2022. The matter is fully briefed and the Court is prepared to rule. As described more fully below, Defendant's objections are overruled and denied.

**I.      Background**

In this putative nationwide class action, Plaintiffs assert claims against Defendant TAMKO Building Products LLC ("TAMKO") alleging that roofing shingles manufactured by TAMKO were defective. The case was originally filed in the Eastern District of California, which subsequently transferred the case to this Court on October 15, 2019, by stipulation of the parties. Prior to transfer, TAMKO's motion to strike the nationwide class allegations was rejected by the California district court.[1]

---

[1] Doc. 87 at 5 ("[T]he parties stated Defendant's sales occurred 'throughout' the country, but have not determined how many states are implicated in the nationwide class, or which states beyond the four Plaintiffs' home states.").

Plaintiffs filed their Second Amended Class Action Complaint on July 20, 2020, which defined the class as: "All individuals and entities that own or have owned TAMKO Heritage shingles, or that own or have owned homes, residences, buildings or other structures located in the United States, on which TAMKO Heritage shingles are or were installed."[2]  Judge Lungstrum denied TAMKO's partial motion to dismiss the Complaint on September 16, 2020, and class certification discovery commenced.[3]

Plaintiffs asked Judge Gale to compel TAMKO to respond to a variety of requests for production seeking nationwide warranty and product complaint data through the present date, including RFP No. 42, which seeks TAMKO's warranty claim and complaint database(s) for Heritage shingles.  TAMKO opposed Plaintiffs' motion to compel, arguing that it should not be required to produce nationwide warranty claim files or complaint data that post-date 2015 because: (1) there is virtually no chance of nationwide class certification; (2) the vast majority of putative class members who submitted warranty claims after 2015 would have purchased shingles manufactured after 2004 and would therefore be excluded from any certified class pursuant to TAMKO's arbitration clause; and (3) any minimal relevance that post-2015 nationwide discovery might have would be outweighed by the costly burdens it would impose on TAMKO.

On February 1, 2022, Judge Gale granted Plaintiffs' motion to compel in part with respect to post-2015 nationwide warranty and complaint data from states other than Connecticut, Illinois, and Ohio, for the period of 2015 to the present.[4]  Judge Gale determined that TAMKO's arbitration clause does not limit the scope of discovery because state laws differ as to whether the

---

[2] Doc. 126.

[3] Docs. 137, 144.

[4] Doc. 245.

clause is enforceable, and TAMKO has not established that the arbitration clause is enforceable.[5] Judge Gale further concluded that, measured under the tenets of Fed. R. Civ. P. 1, nationwide discovery post-dating 2015 was relevant to the class certification inquiry and was not unduly burdensome proportionate to the needs of the case.[6] Judge Gale ordered the requested post-2015 data needed for Plaintiffs' motion to certify class be produced, but deferred discovery relating to damages and other evidence relevant to the merits stage of the case.[7] TAMKO's motion seeking review of Judge Gale's Order partially granting post-2015 discovery followed.

Judge Gale subsequently revised the scheduling order, and initial discovery on class certification must now be completed by January 28, 2023; the deadline for Plaintiffs to file a motion to certify the class has been extended to February 28, 2023.[8]

## II. Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[9] "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[10]

---

[5] *Id.* at 5–6.

[6] *Id.* at 8.

[7] *Id.* at 7–8.

[8] Doc. 265.

[9] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015) (quoting Fed. R. Civ. P. 72(a)).

[10] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

**III.   Discussion**

TAMKO objects to Judge Gale's ruling requiring it to produce nationwide warranty data from 2015 to the present as clearly erroneous and contrary to law for the same arguments cited in its objections to the motion to compel before Judge Gale.  In the alternative, TAMKO asks the Court to narrow Judge Gale's order by requiring TAMKO to product post-2015 warranty data only with respect to shingles manufactured before 2005.

As an initial matter, Judge Gale correctly identified the guiding standard for relevant discovery.  Under Fed. R. Civ. P. 26(b)(1), Plaintiffs "may obtain discovery regarding 'any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case.'"[11]  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[12]  Judge Gale summarized the rule as requiring that "the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable."[13]  The court further stated that "[d]iscovery requests must be relevant on their face,"[14] and, "[o]nce this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request."[15]  "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] *In re Syngenta AG MIR 162 Corn Litig.*, No. 15-9900-JWL, 2019 WL 5622318, at *2 & n.7 (D. Kan. Oct. 31, 2019) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[13] Doc. 245 at 4 (citing *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018)).

[14] *Id.* (citing *Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000)).

[15] *Id.* (citing *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004)).

to support its objections."[16]

Judge Gale applied the correct legal standard, analyzing Plaintiffs' discovery requests under Rule 26(b)(1). As discussed in detail below, the Court has reviewed Judge Gale's Order and is not left with the definite and firm conviction that a mistake has been committed.

First, TAMKO argues that nationwide discovery is inappropriate because Plaintiffs' nationwide class claims are unlikely to succeed. Judge Gale rejected this argument as "both circular and illogical. The discovery is needed to determine the existence of evidence to support the nation-wide class claim."[17] The Court agrees. Plaintiffs' class proposal is based on the allegation that all proposed class members' Heritage shingles contain a uniform defect and that their claims can therefore be proven on a classwide basis using common evidence. TAMKO previously produced the requested warranty information for the period before 2015, and the post-2015 period information is relevant to the question at issue in this litigation, whether TAMKO's Heritage shingles are defective. There is no "bright-line rule in the precertification phase of discovery" that requires Plaintiffs to come forward with such evidence before being allowed to obtain discovery aimed at the defectiveness issue.[18] In addition, it is premature for the Court to decide now whether a nationwide class can be certified; indeed, TAMKO's motion to strike the nationwide class action allegations was already rejected in this case.[19] Accordingly, Judge Gale

---

[16] *Id.* at 5 (quoting *Funk v. Pinnacle Health Facilities XXIII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *3 (D. Kan. Nov. 19, 2018)).

[17] *Id.* at 8.

[18] *See In re Bank of Am. Wage & Hour Emp. Pracs. Litig.*, 275 F.R.D. 534, 540–41 (D. Kan. 2011); *see also Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2006 WL 1174040, at *4 (D. Kan. May 1, 2006) (granting motion to compel nationwide class certification discovery of customer complaints, explaining "[d]ocuments reflecting complaints by other consumers are directly relevant to numerosity, commonality, and typicality which plaintiff must show for class certification.").

[19] Doc. 87; *see Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (8th Cir. 2018) ("[A]s long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of

did not commit clear error by denying TAMKO's nationwide discovery objections on these grounds.

Next, TAMKO argues that any post-2015 nationwide discovery would be "doubly irrelevant" in light of the post-2014 Heritage shingles arbitration clause included on the wrapper of every package of shingles sold since late 2004.[20]  Judge Gale determined that this arbitration clause did not preclude discovery, and noted that TAMKO could "raise this substantive [arbitration] issue by appropriate motion to the Court."[21]  The Court agrees that it is premature to determine whether those putative class members who purchased Heritage shingles after TAMKO included its arbitration clause on the packaging should be excluded from the class prior to class certification.  As TAMKO acknowledges, state courts including Oklahoma and Missouri have rejected the validity of its arbitration clause; others, including Florida, have upheld the clause.[22]  Judge Gale's conclusion that this issue should be determined at a later date and does not limit pre-certification discovery is not clearly erroneous.

Finally, because TAMKO's Heritage shingles warranty claim and complaint files and data are relevant to Plaintiffs' claims, TAMKO has the burden of showing why the discovery falls outside Rule 26(b)(1)'s definition of relevancy or that potential harm resulting from such discovery outweighs the Rule's presumption of broad disclosure.[23]  TAMKO argues that Judge Gale's production order would be unduly burdensome because (1) it has already produced a

---

predominance under Rule 23(b)(3), not a question of 'adjudicatory competence under Article III." (citations omitted)).

[20] While this motion was pending, TAMKO filed a Motion to Compel Arbitration as to any shingles purchased by Plaintiff Summerfield Gardens Condominium in 2006 or later.  Doc. 252.  That limited motion is not relevant to the discovery issues before the Court.

[21] Doc. 245 at 5–6.

[22] *See* Doc. 262 at 12 (collecting cases).

[23] *Tyner v. Probasco Law, P.A.*, No. 20-2632-EFM, 2022 WL 157805, *1 (D. Kan. Jan. 18, 2022) (citation omitted).

number of legal documents in other cases at a high cost, (2) production of these documents and data would take time and be costly, and (3) the post-2015 discovery would be cumulative or merely identify additional variances.

In its objection to Plaintiffs' motion to compel, TAMKO provided a witness declaration estimating that the process of compiling the requested nationwide information could incur up to $100,000 in legal fees while reviewing the information thereafter could incur an additional $600,000 or more.[24] Judge Gale held that while this production "may indeed be burdensome, it is not unduly so nor is it disproportionate to the needs of the case."[25] As Plaintiffs point out, all of the nationwide warranty data produced in this action is a reproduction of documents and data gathered before in other cases. The only warranty claim and complaint documents produced in this case are those related to properties in Connecticut, Ohio, and Illinois for the 2015 through 2021 period. Thus, even if the cost to TAMKO approaches its $700,000 estimate, Judge Gale found that it was not disproportionate to the needs of this case. As Plaintiffs note, TAMKO is a large organization with a team of in-house attorneys and outside litigation counsel, the claims here cover a class that foreseeably includes tens of thousands of homeowners, discovery is fully underway, and there is no schedule yet for dispositive motions.[26] Like its previous argument regarding nationwide class certification, TAMKO's claim that such discovery is disproportionate to the needs of the case because it might undermine Plaintiffs' bid for class certification is

---

[24] Doc. 238, Exs. 1, 2.

[25] Doc. 245 at 8.

[26] *Cf. Tyner*, 2022 WL 157805, at *3 (denying discovery request to review 20,000 files of solo practitioner to determine whether defendant law firm met the definition of a "debt collector" under the FDCPA as burdensome); *Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO, 2016 WL 8231158, at *2–3 (N.D. Cal. Dec. 19, 2016) (denying plaintiff's nationwide discovery requests based upon proportionality and plaintiff's delay, but noting court would have been receptive to more targeted and proportional request for documents outside relevant jurisdiction).

circular and illogical.  The Court declines to find Judge Gale's ruling was clearly erroneous on this ground.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant TAMKO's Motion for Partial Review of Magistrate Judge Gale's Order Partially Granting Plaintiffs' Motion to Compel (Doc. 249) is **overruled and denied**.  TAMKO shall produce its post-2015 nationwide Heritage shingles warranty claim and complaint documents and data as set forth in Judge Gale's Order.

**IT IS SO ORDERED.**

Dated: April 25, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
