## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARTIN MELNICK, BETH MELNICK, LIA
LOUTHAN, and SUMMERFIELD GARDENS
CONDOMINIUM, on behalf of themselves and
all others similarly situated,**

       **Plaintiffs,**

       **v.**

**TAMKO BUILDING PRODUCTS LLC,**

       **Defendant.**

**Case No. 2:19-CV-02630-JAR-KGG**

### <u>MEMORANDUM AND ORDER</u>

In this lawsuit, Plaintiffs Martin Melnick, Beth Melnick, Lia Louthan, and Summerfield Gardens Condominium, on behalf of themselves and all others similarly situated, bring claims against Defendant TAMKO Building Products LLC arising out of the sale and installation of roofing shingles manufactured by Defendant.  Plaintiffs allege claims for breach of express warranty, breach of the implied warranty of merchantability, strict liability for design defect, strict liability for manufacturing defect, strict liability for failure to warn, negligence, negligent failure to warn, unjust enrichment, fraudulent nondisclosure, fraudulent concealment, negligent misrepresentation, violations of various state laws, declaratory judgment, and injunctive relief. Before the Court is Defendant's Motion to Partially Strike the Report of Justin Kestner and For Leave to File Sur-Rebuttal Expert Reports (Doc. 289).  The motion has been fully briefed, and the Court is prepared to rule.  For the reasons explained below, the Court denies Defendant's motion.

## I.   Background

After consideration of the Parties' Report of Planning Conference, which set forth their respective proposals for expert report and deposition timing and sequencing, and the Parties' corresponding arguments at a Scheduling Conference with Magistrate Judge Gale on November 2, 2020, the court issued a Scheduling Order providing the following sequencing regarding expert discovery: (1) deadline for Plaintiffs to disclose expert reports; (2) deadline for Defendant to depose Plaintiff's experts; (3) deadline for Defendant to disclose expert reports; (4) deadline for Plaintiffs to depose Defendant's experts; (5) deadline for any party to disclose any rebuttal experts; and (6) deadline for any party to depose any rebuttal experts.[1]

In accordance with this Scheduling Order, Plaintiffs served Defendant with the expert reports of Justin T. Kestner, P.E. and Brian M. Sowers on August 12, 2022.  Defendant deposed these two experts on September 8 and 22, 2022, respectively.  On October 19 and 20, 2022, Defendant served Plaintiffs with the expert reports of James S. Johnson, Michael L. Bryson, Darrel P. Higgs, Sonya Kwon, George L. Priest, and Dr. Ernan Haruvy.  Plaintiffs deposed these six experts on November 22, 2022, December 1, 8, 15, and 16, 2022, and January 5, 2023.  On January 25, 2023, Plaintiffs served Defendant with the rebuttal reports of Kestner and Sowers. Defendants subsequently took second depositions of Kestner and Sowers.[2]  Defendant did not serve any of its own rebuttal reports to Plaintiffs' experts' reports, despite the fact that the Scheduling Order did not limit such rebuttal reports to Plaintiffs only.

---

[1] Doc. 144.  This Scheduling Order was subsequently modified by request of the Parties, but the sequencing never changed.

[2] Plaintiffs' Opposition to the present motion explains that the second depositions of Kestner and Sowers were scheduled for March 1 and 9, 2023.  *See* Doc. 292.  The Court assumes for the purposes of this Memorandum and Order that these depositions occurred as scheduled.

Defendant brought the current motion on February 8, 2023, asserting that: (1) the Court should strike certain portions of Kestner's rebuttal report that Defendant asserts contain improper rebuttal opinion, and (2) the Court should grant Defendant leave to file sur-rebuttal expert reports to address the portions of Kestner's rebuttal report that Defendant is not seeking to strike, as well as to respond to Sowers' rebuttal report.[3]  For the reasons set forth below, the Court denies Defendant's motion on both fronts.

## II.    Defendant's Motion to Partially Strike the Report of Justin Kestner

Defendant seeks to strike three portions of Kestner's rebuttal report: (1) Kestner's summary of his additional warranty sample testing; (2) Kestner's discussion of non-conformance logs issued by Underwriters Laboratories ("UL"); and (3) Kestner's summary and comment on various fact witness deposition testimony.  First, Defendant seeks to strike these portions of the report on the basis that they do not constitute proper rebuttal opinion because instead of contradicting or rebutting Defendant's experts' opinions, they merely attempt to bolster the opinions in Kestner's original expert report.  Second, Defendant asserts that Plaintiffs' belated disclosure of the purportedly improper rebuttal opinions is not substantially justified or harmless.

### A.    Legal Standard

Under Rule 26, rebuttal expert testimony is limited to evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert

---

[3] The Court relies upon each party's summary of the expert witnesses' opinions in the briefing for purposes of deciding this motion, as none of the expert reports were provided to the Court due to the protective order in this case.  *See* Doc. 116.

disclosures.[4]  Courts have discretion to admit or exclude rebuttal evidence.[5]  Rebuttal evidence is

admissible:

> when 'a party opens the door to [that] topic.'  Generally, courts
> exclude 'use of a rebuttal expert to introduce evidence more
> properly a part of a party's case-in-chief, especially if the alleged
> rebuttal expert is used to introduce new legal theories.'  However,
> 'where the evidence rebuts new evidence or theories preferred in
> the defendant's case-in-chief, that the evidence may have been
> offered in the plaintiff's case-in-chief does not preclude its
> admission in rebuttal.'  But when a plaintiff seeks to rebut defense
> theories which Plaintiff knew about or reasonably could have
> anticipated, the court is within its discretion in disallowing rebuttal
> testimony.[6]

Rule 26 further requires the parties to disclose expert testimony "at the times and in the

sequence that the court orders."[7]  Therefore, if the court determines that opinions in a rebuttal

report should have been disclosed in a party's case-in-chief, then Rule 37 applies.  Rule 37(c)(1)

states that "'[i]f a party fails to provide information or identify a witness as required by Rule

26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'"[8]

## B.   The Opinions Offered in Kestner's Rebuttal Report Are Proper Rebuttal Opinions

For the reasons explained below, the Court finds that the opinions set forth in the sections

at issue in Kestner's rebuttal report constitute proper rebuttal testimony because they do not offer

---

[4] Fed. R. Civ. P. 26(a)(2)(D)(ii).

[5] *Tuschhoff v. USIC Locating Servs., LLC*, No. 19-cv-1149-EFM-TJJ, 2021 WL 3489693, at *2 (D. Kan. Aug. 9, 2021) (citing *Tanberg v. Sholtis*, 401 F.3d 1151, 116 (10th Cir. 2005)).

[6] *Id*. at *5 (first quoting *Tanberg*, 401 F.3d at 1166; then quoting *Foster v. USIC Locating Servs., LLC*, No. 16-2174-CM, 2018 WL 4003354, at *2 (D. Kan. Aug. 17, 2018); then quoting *Bell v. AT&T*, 946 F.2d 1507, 1512 (10th Cir. 1991); and then quoting *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000)).

[7] Fed. R. Civ. P. 26(a)(2)(D).

[8] *Ikona v. AHC of Overland Park, LLC*, No. 22-2016-KHV-RES, 2023 WL 2265209, at *3 (D. Kan. Feb. 28, 2023) (quoting Fed. R. Civ. P. 37(c)(1)).

new legal theories, they contradict or rebut Defendant's experts' opinions, and Plaintiffs did not know and could not have reasonably anticipated Defendant's theories.

### 1.    Kestner's Opinions Regarding Additional Warranty Sample Testing

The first section of Kestner's rebuttal report at issue discusses Kestner's additional warranty sample testing of Defendant's shingles.  In his original expert report, Kestner included an analysis of warranty sample tests of two particular types of shingles.  However, after Kestner's original expert report was served, this Court entered an Order compelling arbitration as to certain of Defendant shingles, which included both types of shingles that were tested and analyzed in Kestner's original expert report (the "Arbitration Order").[9]  In light of this new development, one of Defendant's expert witnesses, James Johnson, stated in his expert report that those two types of shingles tested and analyzed by Kestner "were not part of this lawsuit" and "not relevant in this case."[10]  Johnson testified to the same during his deposition.[11]

Defendant asserts that because the shingle sample that Kestner tested and opined on in his rebuttal report was produced and available to Kestner prior to his original expert report but was not included therein, such opinions are improper rebuttal opinions.  The Court disagrees.  The testing and analysis of this new shingle sample for Kestner's rebuttal report was clearly in response to the new theory being pursued by Defendant via their expert witness—that, because of the Arbitration Order, the previously tested and analyzed shingles were not part of or relevant to the case.  Moreover, because the Arbitration Order was issued after Kestner's original expert report was served, there was no way Plaintiffs could have known or reasonably anticipated that

---

[9] Doc. 285.

[10] Doc. 292 at 8 (quoting Johnson Report at 13, 16–17).

[11] Id. (citing Johnson Tr. at 102–03).

Defendant would make such an argument.  Therefore, the Court, in its discretion, denies Defendant's motion to strike Kestner's opinions in this section of his rebuttal report.

2.    *Kestner's Opinions Regarding the UL Non-Conformance Logs*

The second section of Kestner's rebuttal report at issue here discusses Kestner's analysis of certain logs tracking Defendant's non-conformance with UL standards.  In his original expert report, Kestner analyzed these same logs and opined that, based on his review of them, there were compliance issues at certain Defendant production facilities.  After service of Kestner's original expert report, one of Defendant's expert witnesses, Darrel Higgs, provided deposition testimony regarding the fact that UL had ultimately certified Defendant's shingles at issue as compliant according to their standards.  In an effort to contradict Higgs's deposition testimony, Kestner again analyzed the UL non-conformance logs and opined in his rebuttal report that, notwithstanding the fact that UL ultimately certified Defendant's shingles, there were still non-conformance issues as documented in these logs.

Defendant argues that this new analysis by Kestner is not proper rebuttal opinion but rather an attempt to bolster his original opinions.  The Court disagrees.  In his rebuttal report, Kestner merely expands upon his original opinions by addressing an implication made by Defendant's expert, Higgs, that there were no compliance issues with Defendant's shingles because they received certification from UL.  Such an expansion "is proper rebuttal testimony which will be allowed."[12]  And, importantly, Kestner's rebuttal opinion based on these non-conformance logs does not introduce any new theories or present a new argument.  Rather, the discussion in this section merely lays out a "showing of facts and evidence which support the

_____

[12] *Estate of Smart v. City of Wichita*, No. 14-2111-JPO, 2020 WL 3618851, at *5 (D. Kan. July 2, 2020).

contrary opinions," which is appropriate in a rebuttal report.[13]  Therefore, the Court, in its discretion, denies Defendant's motion to strike this section of Kestner's rebuttal report.

3.      *Kestner's Opinions Regarding the Fact Witness Deposition Testimony*

The final section of Kestner's rebuttal report at issue here discusses his review and commentary on the fact deposition transcripts of Bob Emmons (a builder for Summerfield Gardens), Paul Stover (a roofing company owner who inspected and worked on Summerfield Gardens), and Paul Krueger (an individual who performed framing work on Summerfield Gardens).  Although available to him at the time, Kestner did not review or opine on these fact deposition transcripts in his original expert report.  However, after Kestner's original expert report was served, a number of Defendant's expert witnesses referred to and relied upon these fact deposition transcripts in forming their expert opinions.  Therefore, in order to analyze and rebut Defendant's expert witnesses' proffered opinions that were based on these fact deposition transcripts, Kestner reviewed, analyzed, and opined on the contents thereof.

Defendant argues that because these fact deposition transcripts were available to Kestner at the time of his original expert report but not included therein, the opinions regarding them in Kestner's rebuttal report should be stricken as improper rebuttal opinions.  However, that is not the standard to determine whether rebuttal testimony is proper.[14]  Rather, as set forth above, the mere fact that evidence may have been included in the original expert report but was not, does not preclude its admission in a rebuttal report when, as here, it is offered to rebut new theories

---

[13] *Vyanet Operating Grp., Inc. v. Maurice*, No. 1:21-cv-02085-CMA-SKC, 2023 WL 1860237, at *3 (D. Colo. Feb. 9, 2023) (citing *Spring Creek Expl. & Prod. Co.*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. Apr. 21, 2016)).

[14] *See Ikona*, 2023 WL 2265209, at *5 (rejecting similar argument).

proffered by Defendant.[15]  Because Kestner's rebuttal opinions are regarding and offered in contradiction to the same subject matter opined on by Defendant's expert witnesses, those "opinions are proper fodder for rebuttal."[16]  Therefore, the Court, in its discretion, denies Defendant's motion to strike this portion of Kestner's rebuttal report.

Because the Court finds that the complained-of opinions constitute proper rebuttal opinions, it need not decide whether any late disclosure of such opinions is substantially justified or harmless.

## III.   Defendant's Motion for Leave to File Sur-Rebuttal Expert Reports[17]

Defendant also seeks leave from the Court to serve sur-rebuttal reports responding "to the litany of criticisms asserted by Kestner and Sowers against TAMKO's experts."[18]  Plaintiffs object to this request, arguing that Defendant has not established sufficient need for sur-rebuttal reports such that deviation from the current Scheduling Order is warranted.  The Court agrees.

Affirmative and rebuttal expert disclosures are permitted under Fed. R. Civ. P. 26.  Rule 26 does not, however, contemplate the sur-rebuttal expert disclosures that Defendant requests here.[19]  Nor does the Scheduling Order governing the time and sequence of expert discovery in this case.[20]  "Accordingly, whether to allow sur-rebuttal evidence is within the district court's

---

[15] *Tuschhoff v. USIC Locating Servs., LLC*, No. 19-cv-1149-EFM-TJJ, 2021 WL 3489693, at *2 (D. Kan. Aug. 9, 2021).

[16] *Panel Specialists, Inc. v. Tenawa Haven Processing, LLC*, No. 5:16-cv-04140-HLT, 2019 WL 3716451, at *4 (D. Kan. Aug. 7, 2019).

[17] While Defendant's motion seeks leave to "file" sur-rebuttal expert reports, because such reports are not filed on the docket, the Court assumes that Defendant is actually seeking to "serve" sur-rebuttal expert reports, and therefore refers to the request as such throughout this Memorandum and Order.

[18] Doc. 289 at 9.

[19] *See Giertz v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-cv-01781-WJM-SKC, 2021 WL 1428180, at *2 (D. Colo. Apr. 15, 2021); Fed. R. Civ. P. 26(a)(2)(A).

[20] *See* Doc. 144 (providing dates only for affirmative and rebuttal reports).

sound discretion."[21]  Defendant argues that the Court should exercise its discretion to allow it to serve sur-rebuttal reports in response to both of Plaintiffs' rebuttal reports.  With regard to Sowers' rebuttal report, Defendant insists that a sur-rebuttal report is proper because the rebuttal report includes voluminous criticisms of the survey of its expert, Dr. Haruvy.  With regard to Kestner's rebuttal report, Defendant similarly maintains that a sur-rebuttal report is warranted because the rebuttal report challenges the opinions of several of its experts.  The Court is not persuaded by either of these arguments.

As previously discussed, it is well established that criticisms of and challenges to an opposing expert's opinions is proper fodder for rebuttal reports.[22]  This reality counsels against granting Defendant's request for leave to serve sur-rebuttal reports.  Indeed, the fact that it is such common practice for rebuttal reports to include these types of criticisms and challenges indicates that the Court need not grant Defendant the uncommon remedy of serving sur-rebuttal reports.[23]  For the same reasons, it should have been of no surprise to Defendant that Plaintiffs' rebuttal reports would contain such criticisms and challenges to its own experts' reports.  While Defendant could have requested the inclusion of deadlines for sur-rebuttal reports when litigating the Scheduling Order, it did not do so.  Likewise, while Defendant had the opportunity to serve its own rebuttal reports to Plaintiffs' experts' original reports, where Defendant's rebuttal experts could have issued their own criticisms and challenges to Plaintiffs' experts' opinions, but it

---

[21] *Giertz*, 2021 WL 1428180 at *2 (citing *United States v. Sorensen*, 801 F.3d 1217, 1239 (10th Cir. 2015)).

[22] *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2021 WL 2577490, at *12 (D. Kan. June 23, 2021) (noting that an expert using his expertise to criticize the opposing expert's assumptions in forming their opinion "is proper rebuttal testimony"); *see also Harvey v. THI of New Mexico at Albuquerque Care Center, LLC*, No. 12-cv-727-MCA-RHS, 2014 WL 12796898, at *4 (D. N.M. Mar. 31, 2014) ("[I]t is well settled that experts are permitted to critique each other's methods.") (citations omitted).

[23] *See, e.g., Archer Daniels Midland, Co. v. M/T Am. Liberty*, No. 19-10525, 2022 WL 3700896, at *4 (E.D. La. Aug. 26, 2022) ("[P]ermitting sur-rebuttal reports is far from the norm.").

chose not to do so.  "Not surprisingly, and quite understandably, each side wishes to have the last word on the issues addressed by the parties' experts."[24]  But the exchange of expert reports "cannot continue in perpetuity."[25]  Defendant's request is denied.

   **IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Partially Strike the Report of Justin Kestner and for Leave to File Sur-Rebuttal Expert Reports (Doc. 289) is **denied**.

   **IT IS SO ORDERED.**

  Dated: March 28, 2023

           S/ Julie A. Robinson
           JULIE A. ROBINSON
           UNITED STATES DISTRICT JUDGE

---

[24] *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 3:19-cv-00014-GNS-LLK, 2022 WL 17824427, at *12, n.7 (W.D. Ken. Dec. 20, 2022) (rejecting request to serve a reply report to sur-rebuttal) (quoting *Cason-Merenda v. Detroit Med. Ctr.*, No. 06-15601, 2010 WL 1286410, at *3 (E.D. Mich. Mar. 31, 2010)).

[25] *Id*. at *12, n.7.