IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN MELNICK, BETH MELNICK, LIA LOUTHAN, AND SUMMERFIELD GARDENS CONDOMINIUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAMKO BUILDING PRODUCTS LLC,<br><br>Defendant. | Case No. 19-CV-2630-JAR-BGS |

## MEMORANDUM AND ORDER

Before the Court are Defendant Tamko Building Products LLC's Motions to Seal (Docs. 308, 343). These motions to seal relate to seven other pending motions, including a Motion for Class Certification (Doc. 300), Motion for Summary Judgment (Doc. 318), and five Motions to Exclude Testimony (Docs. 314, 322, 324, 326, and 330). The parties have filed provisionally sealed exhibits in sixteen separate docket entries in support of or in opposition to these motions.[1] Within these sixteen separate docket entries, there are approximately 130 provisionally sealed exhibits. With regard to Defendant's motions to seal, the parties dispute whether all or part of these exhibits should remain under seal.

Due to the voluminous number of exhibits and disputes, the Court sent the matter back to the parties and ordered them to meet and confer for several reasons.[2] First, the Court required the parties to file a joint notice identifying, and attaching, all the provisionally sealed documents

---

[1] Docs. 301, 303, 304, 316, 320, 323, 325, 327, 328, 332, 335, 336, 337, 338, 339, and 340. Four additional provisionally sealed documents have been filed. *See* Docs. 357, 362, 363, and 366.

[2] Doc. 349.

that they agreed could be unsealed. Next, the Court required the parties to submit a joint notice identifying, and attaching, all the provisionally sealed documents that they agreed should remain sealed. Finally, the Court encouraged the parties to come to an agreement on approximately 30 exhibits regarding sealing/redacting and ordered the parties to submit a notice identifying, and attaching, the remaining documents that disputes remained upon.

The parties subsequently filed two notices. The first notice, or "status report," identified 93 provisionally sealed documents that the parties agreed could be unsealed.[3] And as the Court requested, those documents were attached to that notice, with cross-references to the earlier ECF numbers.

The parties next filed a provisionally sealed document, entitled "Index of Documents for the Parties' Joint Report Concerning the Status of Documents Previously Filed Under Seal."[4] In this 25-page exhibit list, they identified the 93 exhibits that could be unsealed,[5] 17 exhibits that should remain sealed,[6] and 15 exhibits that they had continuing disagreement over. The 17 exhibits that they agreed should remain sealed and the 15 exhibits that they continued to disagree on were attached to this filing.

In its July 1, 2023 Memorandum and Order, the Court advised the parties that if they continued to disagree over the sealed documents, it would refer this matter to the magistrate judge assigned to this case to decide the issue.[7] Upon further deliberation, however, the Court

---

[3] Doc. 356.

[4] Doc. 357.

[5] Those documents were attached to, and the subject of, Doc. 356. To the extent the parties agreed upon the documents that could be unsealed or sealed that were previously at issue in Defendants' motions to seal, those documents are no longer relevant.

[6] The parties indicated that ten of those seventeen exhibits were the subject of recently agreed-upon redactions.

[7] Doc. 349 at 3.

finds that referring the matter to the magistrate judge would result in an inefficient use of judicial resources given the Court's knowledge and time spent on the dispute so far. Thus, the Court will consider the parties' disputes and Defendants' motions to seal in this Order.

There are 15 provisionally sealed exhibits that remain at issue between the parties. The parties disagree whether nine documents should be sealed, and they disagree over the extent of the proposed redactions in six additional documents. The Court will first address the sealed documents and then the parties' proposed redactions. The Court's rulings will track the exhibit numbers identified by the parties in Doc. 357.

### *Legal Standard*

Generally, "[f]ederal courts have long recognized a common-law right of access to judicial records."[8] "This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest."[9] This right of access, however, "is not absolute."[10] A court has discretion to seal documents "if competing interests outweigh the public's right of access."[11] Such competing interests may include trade secrets to be protected from disclosure and confidential business information that may harm a business's competitive standing.[12] "The party seeking to overcome

---

[8] *Callahan v. Unified Gov't of Wyandotte Cnty.*, No. 11-2621-KHV, 2013 WL 3287060, at *1 (D. Kan. June 28, 2013) (citing *Helm v. Kan.*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[9] *Id.* (citations omitted).

[10] *Id.* (citation omitted).

[11] *Id.*

[12] *Martinez v. Con'l Tire the Americas, LLC*, No. 1:17-cv-00922-KWR-JFR, 2023 WL 2914796, at *2 (D.N.M. April 12, 2023).

the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption."[13]

### *Sealed Documents*

Because these documents are provisionally sealed, the Court will only superficially discuss the contents of these documents in order to protect their confidentiality.

Exhibit 111 - This document contains details regarding the manufacturing process of Defendant's product as well as some product specifications that may risk competitive harm. Because there could be harm to its competitive standing or access to Defendant's internal processes, this document should remain sealed. Accordingly, the Court grants Defendant's motion to seal this document.

Exhibit 112 – This 213-page document contains testing results spanning multiple years. Defendant contends that it contains sensitive internal and third-party testing records, while Plaintiffs argue that the testing results go the heart of the case, and the public should be able to view them. Both parties appear to overstate the importance of the document, and the Court questions the necessity of sealing this document as it doubts there is as much interest in it as the parties believe. Yet, Defendant directs the Court to two other courts that have considered similar motions to seal regarding the same subject matter and the same Defendant.[14] Both of these courts sealed identical and similar exhibits.[15] The Court finds it persuasive and relevant that

---

[13] *Callahan*, 2013 WL 3287060, at *1.

[14] *See Hummel v. TAMKO Bldg. Prods., Inc.*, No. 15-cv-00910-PGM-GJK (M.D. Fla. 2015); *Disher v. TAMKO Bldg. Prods., Inc.*, No. 14-cv-740-SMY-SCW (S.D. Ill. 2014).

[15] *See Hummel*, ECF Doc. Nos. 105, 124, 142; *Disher v. TAMKO Bldg. Prods., Inc.*, No. 14-cv-740-SMY-SCW, 2018 WL 11418414, at *1 (S.D. Ill. Feb. 28, 2018).

these same documents have been sealed in other cases.[16] Thus, the Court grants Defendant's motion to seal this exhibit.

Exhibit 113 – This 218-page exhibit is in part duplicative of Exhibit 112. The Court questions the necessity of the exhibit given that the document is already in the record as Exhibit 112.[17] Nevertheless, for the same reasons as stated above, the Court grants Defendant's motion to seal.

Exhibits 114 and 115 – These exhibits are corporate research and development surveys with testing results and product specifications from both Defendant and its competitors. Because the disclosure of this exhibit could result in competitive harm and the release of testing details, the Court grants Defendant's motion to seal.

Exhibit 116 – This document is an email thread from approximately 15 years ago. Although it is aged, the email does disclose product design projects, identifies deficiencies in certain products, identifies proposals to improve those products, and financial calculations. Thus, the Court finds it appropriate for this exhibit to remain sealed.

Exhibits 117 and 118 – These documents contain reports of several long-term research and development projects and testing results. Plaintiffs are correct that the documents are almost 20 years old. Yet, Defendant again informs the Court that the two other courts considering similar and identical exhibits sealed those exhibits. In addition, as Defendant points out,

---

[16] *See Miesen v. Henderson*, No. 1:10-cv-00404-CWD, 2016 WL 6471429, at *5 (D. Idaho Oct. 31, 2016); *see also Assessment Techs. Inst., L.L.C. v. Parkes*, No. 19-CV-2514-JAR-KGG, 2020 WL 1433470, at *2 (D. Kan. Mar. 24, 2020) (finding it relevant that the Court previously sealed documents in the case before it and thus appropriate to seal identical records).

[17] The Court notes that in at least one other similar case involving Plaintiffs asserting class claims against Defendant for defective shingles that the parties' disagreement over sealed documents congested the Court's docket. The Southern District of Illinois stated that "the Court's docket is muddled with duplicative sealed and redacted filings." *Disher*, 2018 WL 11418414, at *1. In addition, the court noted that "[u]nsealing the documents would be logistically impossible for the Clerk's Office because Plaintiffs have filed group exhibits instead of filing each exhibit as an individual attachment to their motions." *Id.*

although these documents contain historical information, this information may still provide valuable information about its current and ongoing efforts to improve on its products.[18] The fact that these exhibits were previously sealed in other cases is relevant to the Court's determination and the Court concludes that they should remain sealed in this case.

Exhibit 119 – This exhibit is Defendant's expert report of Sonya Kwon. Plaintiff opposes the wholesale sealing of the report and states that redactions to sales information could be done. Again, this report contains confidential sales and trade secret information. And while the parties could redact the 371-page document, the Court finds it more efficient to seal the document rather than send the matter back to the parties to agree upon redactions. Furthermore, the two other courts who have had similar cases to this one found it appropriate to seal Kwon's expert report.[19] Thus, the Court grants Defendant's motion to seal this exhibit.

In sum, Defendant's request to seal these nine documents is granted, and they shall remain sealed.

### *Redacted Documents*

There are six documents in dispute between the parties as to the scope of the redactions.[20] The parties contend that the redactions mostly follow references to or information from sealed documents/exhibits. Based on this Court's decision involving the sealed documents, the parties

---

[18] *See, e.g., In re EpiPen (Epinephrine Injection) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2019 WL 2357374, at *2 (D. Kan. June 4, 2019) (noting that although the internal sales forecast was several years old, it might contain information that competitors could use to determine the methods for forecasting sales).

[19] *Disher*, 2017 WL 11676817, at *3 (S.D. Ill. April 4, 2017) (sealing Kwon expert report because it contains confidential sales, manufacturing and warranty information, and trade secrets that could be harmful if disclosed); *Hummel*, 2017 WL 11632807, at *2 (M.D. Fl. April 19, 2017) (finding that good cause existed for sealing Kwon's expert report because it contained confidential and proprietary business information).

[20] These are exhibits 120, 121, 123, 124, 125, and 126 attached to Doc. 357. Exhibit 122 is blank. One exhibit is Plaintiff's memorandum in support of class certification while the other five are exhibits.

propose to subsequently meet and confer regarding the disputed redactions. Thus, the Court will not consider the parties' proposed redactions at this time.

The parties now have the benefit of the Court's ruling on the proposed sealed documents and can tailor the proposed redactions accordingly. Once the parties agree to the redactions, these exhibits shall be filed as public record.[21] The Court orders the parties to meet and confer as to the scope of redactions by September 8, 2023. The redacted documents shall be filed on the record by September 15, 2023.

### *Additional Provisionally Sealed Documents*

On August 10, 2023, Plaintiff filed four more provisionally sealed exhibits.[22] The Court directed the parties to follow a different procedure in its previous order regarding sealed exhibits.[23] Specifically, it directed the parties to meet and confer within seven days of filing any provisionally sealed exhibits to determine if they could agree whether the exhibits should or should not be filed under seal. In addition, the Court directed the parties to file a joint notice. The Court's intent was that the parties meet and confer *and file their joint notice* within seven days of filing provisionally sealed exhibits. Thus, that deadline was August 17, 2023.

As of this date, a joint notice has not been filed. Nor has a motion to seal these documents been filed. Nor has a notice that these documents may be unsealed been filed. Thus, the Court presumes that these documents may be unsealed. If the parties do not file a joint notice by September 8, these provisionally filed documents (Docs. 362, 363, and 366) will be unsealed.

---

[21] Doc. 357 and the accompanying exhibits will remain sealed.

[22] Docs. 362, 363, and 366 (containing two exhibits).

[23] Doc. 349.

*Summary*

In sum, all docket entries through Doc. 357 that have been filed as provisionally sealed shall remain sealed. It would be an unnecessary waste of resources to go through the docket unsealing numerous documents. Because all the documents that the parties agree can be unsealed have been filed on the record at Doc. 356, the public's right to access is satisfied.

As to the parties' remaining disputes over nine provisionally sealed documents, the Court grants Defendant's motion to seal those documents, and they shall remain under seal. Regarding the parties' dispute over redactions, the parties will meet and confer by September 8, 2023, to come to an agreement on those documents, and those documents shall be filed as public record on or before September 15, 2023. Finally, the Court will direct the clerk's office to unseal Docs. 362, 363, and 366 if the parties do not file a joint notice by September 8, 2023, stating the parties' position on these documents.

**IT IS THEREFORE ORDERED** that Defendant's Motions to Seal (Doc. 308, 343) are **denied in part** and **granted in part**.

**IT IS SO ORDERED.**

Dated: August 29, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
